UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

STEVEN JIL, an individual,
of the City of Dorchester,
County of Suffolk, and
Commonwealth of Massachusetts,

    PLAINTIFF

v.

COUNTY OF YORK, MAINE, a
political subdivision of the
State of Maine,

    DEFENDANT

and

WILLIAM KING, an
individual, and the Sheriff of
the County of York, Maine,

    DEFENDANT

**COMPLAINT**

    NOW COMES the Plaintiff, by and through his undersigned counsel, and states as follows:

    1. The Plaintiff is a resident of the City of Dorchester, County of Suffolk, and Commonwealth of Massachusetts.

    2. The Defendant County of York, Maine, is a political subdivision of the State of Maine.

    3. The Defendant William King is a resident of the Town of Saco, County of York, and State of Maine, and the Sheriff of York County.

    4. On or about 10/19/14, the Plaintiff was an inmate at the York County Jail in Alfred, Maine.

    5. The Plaintiff was housed in the medical unit of the jail due to his physical and mental disabilities.

6. The medical unit also housed prisoners who were in "protective custody" (PC).

7. The Plaintiff was housed in a single cell by himself, but the cell was needed to house another prisoner who needed segregation.

8. The Plaintiff was transferred to a two person cell. He was alone in that cell at first.

9. Another inmate named Nick Gagne was eventually moved into the Plaintiff's cell.

10. Unbeknownst to the Plaintiff, Nick Gagne was being held on charges of sodomizing his girlfriend.

11. While asleep in his bunk at night, the Plaintiff woke up to discover that Nick Gagne was sodomizing him.

12. Mr. Gagne has since been prosecuted for that crime.

13. As a result of the trauma of this sexual assault, the Plaintiff has suffered damages, including emotional distress, pain and suffering, loss of enjoyment of life, and possible permanent impairment.

### COUNT I – Violation of 42 U.S.C.A. §1983

14. The Plaintiff reaffirms and realleges the allegations contained in Paragraphs 1 through 13, as if set forth fully herein.

15. The Defendant County of York, Maine and the York County Sheriff have a pervasive custom of failing to protect inmates from sexual assault.

16. The Defendants failed to adequately train employees to provide adequate car, including adequate medical care, for those individuals in protective custody and/or in the medical unit.

17. The failure to train amounts to deliberate indifference to the rights of persons with whom the Defendants come into contact.

18. The Defendants were acting under color of law in housing inmates.

19. The Defendants subjected the Plaintiff to the deprivation of rights, privileges, or immunities secured by the Constitution and the laws of the United States.

20. Any reasonable officer in the position of the Sheriff of York County would have known that allowing a high risk inmate charged with sodomy to be placed into a cell with a mentally and physically disabled individual could result in a sexual assault.

21. The Defendants disregarded the known or obvious consequence of their actions by housing a known sexual offender in a two person cell with a disabled individual.

22. Even if the Defendant Sheriff did not have actual knowledge of the offending behavior, his lack of knowledge was the result of deliberate indifference.

23. The Defendants should reasonably have understood that their conduct jeopardized the Plaintiff's clearly established Constitutional right to be free from sexual assault while incarcerated.

24. The Defendants should be liable to the Plaintiff for damages under 42 U.S.C. §1983.

WHEREFORE, the Plaintiff prays that this court issue a judgment in the appropriate dollar amount, together with interest and costs, and such further and other relief, including attorney's fees, as the court deems proper.

DATED: September 6, 2016

Robert A. Levine, Esquire
Bar #3845
Attorney for Plaintiff
17 South Street
Portland, ME  04101
(207) 871-0036